# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARVIN COBB** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3696** |
| **DISTRICT ATTORNEY WALTER P. REED, ET AL.** | **SECTION: "T"(3)** |

# REPORT AND RECOMMENDATION

Plaintiff, Marvin Cobb, filed this *pro se* federal civil rights action against former St. Tammany Parish District Attorney Walter P. Reed, Assistant District Attorney Scott Gardner, the St. Tammany Parish District Attorney's Office, former St. Tammany Parish Sheriff Rodney Strain, the St. Tammany Parish Sheriff's Office, and other unidentified individuals and entities. Plaintiff alleges that the defendants falsely arrested him, maliciously prosecuted him, used fabricated evidence to secure his conviction, and suppressed evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that plaintiff's federal claims be dismissed as frivolous and that the Court decline to exercise jurisdiction over his state claims.

## I. Federal False Arrest Claims

Plaintiff indicates in his complaint that he is asserting claims for false arrest. However, plaintiff alleges that he was arrested in 1995.[2] Accordingly, his false arrest claims must be dismissed because they were clearly prescribed at the time he filed this civil action in 2017.

A false arrest claim accrues when the plaintiff becomes detained pursuant to legal process. Wallace v. Kato, 549 U.S. 384, 397 (2007); Mapes v. Bishop, 541 F.3d 582, 584 (5th Cir. 2008); McCloud v. Jarus, Civ. Action No. 09-0121, 2010 WL 103684, at *6-7 (E.D. La. Jan. 7, 2010); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009). After plaintiff's false arrest claims accrued in 1995, he had only one year to bring those claims pursuant to 42 U.S.C. § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[2] Rec. Doc. 1, p. 8.

a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). Because plaintiff's federal complaint was not filed until 2017, decades after his false arrest claims accrued, those claims prescribed long before the instant lawsuit was filed. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

## II. Remaining Federal Claims

It appears that plaintiff is also asserting claims for malicious prosecution, wrongful conviction, and the suppression, fabrication, or alteration of evidence. However, those claims should be dismissed because they are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Heck has since been extended also to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 Fed. App'x

3

633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 Fed. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 Fed. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 Fed. App'x 755 (5th Cir. 2003).

A judgment in plaintiff's favor on his malicious prosecution and wrongful conviction claims would necessarily imply the invalidity of his state court conviction; therefore, Heck bars those claims until such time as that conviction is invalidated. Myers v. Swindle, 454 Fed. App'x 322, 323 (5th Cir. 2011) ("[A] judgment in favor of Myers regarding his claims of malicious prosecution and wrongful conviction would imply that his conviction is invalid. As such, the district court did not err in determining that Myers's claims for malicious prosecution and wrongful conviction are barred by Heck."). Claims that the defendants suppressed, fabricated, or altered evidence are likewise barred by Heck. Skinner v. Switzer, 562 U.S. 521, 536-37 (2011); Emerson v. Thaler, 544 Fed. App'x 325, 327 n.1 (5th Cir. 2013); Moore v. United States, No. 98-35295, 1998 WL 700551 (9th Cir. 1998); Dick v. City of Chicago, No. 95-1088, 1996 WL 449203, at *2 (7th Cir. Aug 6, 1996); Hamilton, 74 F.3d at 103; Germosen v. Cox, No. 98 Civ. 1294, 1999 WL 1021559, at *9 (S.D.N.Y. Nov. 9, 1999). Accordingly, plaintiff's claims for malicious prosecution, wrongful conviction, and the suppression, fabrication, or alteration of evidence, should be dismissed with prejudice until such time as the Heck conditions are met.[3]

---

[3] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

4

### III. State Claims

Lastly, plaintiff indicates that he is also asserting claims under state law. Because his federal claims should be dismissed, the undersigned recommends that the Court decline to consider any state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir.1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If plaintiff wishes to pursue claims under state law, he should do so in the state courts.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal false arrest claims be dismissed with prejudice as frivolous because they are prescribed.

It is **FURTHER RECOMMENDED** that plaintiff's federal claims for malicious prosecution, wrongful conviction, and the suppression, fabrication, or alteration of evidence be dismissed with prejudice until such time as the Heck conditions are met.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be dismissed without prejudice to their being asserted in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifth day of May, 2017.

<br>

          **DANIEL E. KNOWLES, III**
          **UNITED STATES MAGISTRATE JUDGE**